IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE #14,<br><br>    Plaintiff,<br><br>*vs.*<br><br>WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in their official capacities,<br><br>    Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff John Doe #14[1] ("Plaintiff") hereby complains against Defendants William B. Lee and David B. Rausch as follows:

### INTRODUCTION

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" The Ex Post Facto Clause prohibits laws that impose retroactive punishment. A law imposes punishment if, on the face of the statute, it is punitive in intent or punitive in effect.

2. Plaintiff is a Tennessee resident who must comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 for the rest of his life. *See* Tenn. Code Ann. §§ 40-39-201–40-39-218 (West 2022) (the "Act").

---

[1] Plaintiff is filing a motion for leave to proceed under a pseudonym. Plaintiff proposes to use the pseudonym "Doe #14" to prevent confusion with the numerous other "John Doe" sex offender registry challenges pending in this Court.

3. Plaintiff was convicted of committing a sex offense that occurred before the Act took effect in 2004 and before Tennessee's first sex offender registry law took effect in 1995.

4. The Act imposes onerous restrictions on Plaintiff that burden his liberty in every aspect of his life. Plaintiff must report in person every calendar quarter and must report on 48 hours' notice for certain other reasons. Pursuant to the Act, the state of Tennessee publicly and falsely identifies Plaintiff as "violent" and an "offender against children." Plaintiff may not live, work, stand, "sit idly," or remain in vast areas of the state of Tennessee, especially within its cities and towns. Plaintiff cannot attend his minor relatives' school functions and cannot attend public sporting events at schools. Plaintiff must comply with these restrictions and obligations for the rest of his life. Any failure to comply is a felony punishable by a mandatory minimum prison term.

5. Individually and in combination, the Act's requirements and limitations are punitive in effect on the face of the statute and therefore constitute an unconstitutional *ex post facto* law as applied to Plaintiff.

6. Plaintiff seeks declaratory and injunctive relief barring the Act's application to Plaintiff.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (West 2022) because Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 (West 2022) for the violation of his rights under the United States Constitution.

8. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 (West 2022), by Fed. R. Civ. P. 57 and 65 (West 2022), and by the legal and equitable powers of this Court.

9. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) (West 2022).

# PARTIES

## *Plaintiff*

10. Plaintiff is an individual who resides in Tennessee and is required to comply with the Act.

## *Defendant Lee*

11. Defendant William B. Lee is the Governor of the State of Tennessee and resides in the Middle District of Tennessee. He is sued in his official capacity.

12. Pursuant to Article III, section 1 of the Tennessee Constitution, the supreme executive power of the state is vested in the governor. The Tennessee Constitution further provides that the governor shall take care that applicable federal and state laws are faithfully executed. Tenn. Const., art. III, § 10 (West 2022). The governor is ultimately responsible for the enforcement of the laws of this state, including the Act, and for supervision of all state departments, including the Tennessee Bureau of Investigation (the "TBI"), which maintains the sex offender registry created by the Act.

13. Governor Lee is an appropriate defendant in a case challenging the constitutionality of the Act.

## *Defendant Rausch*

14. Defendant David B. Rausch is the Director of the TBI and resides in the Middle District of Tennessee. He is sued in his official capacity.

15. The Act requires the TBI to maintain Tennessee's sex offender registry. Tenn. Code Ann. § 40-39-204(a) & (d), § 40-39-206(a) (West 2022). The TBI's responsibilities include enforcing the Act, maintaining the state's database of sex offenders, maintaining an Internet-accessible public sex offender registry, registering offenders (along with other law enforcement agencies),

developing registration forms, providing statutorily-required notices to registrants, collecting registration fees, and coordinating with national law enforcement and the national sex offender registry. *See* Tenn. Code Ann. § 40-39-203(i), § 40-39-204(a) & (d), § 40-39-205(a) & (f), § 40-39-206 (West 2022).

16. The director of the TBI is an appropriate defendant in a case challenging the constitutionality of the Act.

## FACTS

### A. Tennessee's Sex Offender Registry Law

17. Tennessee's first sex offender registry law was enacted May 10, 1994, and took effect January 1, 1995. 1994 Tenn. Pub. Laws, ch. 976, § 11 (West).

18. After multiple amendments, the original sex offender registry law was ultimately replaced by the Act, effective August 1, 2004. 2004 Tenn. Pub. Acts, ch. 921, § 6 (West).

### B. Plaintiff's Offense and Conviction

19. In 1992, Plaintiff pled guilty to aggravated sexual battery. The victim was a minor under the age of 12.

20. Plaintiff was sentenced to eight years' imprisonment. He completed his sentence without incident in 1997.

21. Since completing his sentence, Plaintiff has led a productive, law-abiding life. Plaintiff has no other criminal convictions. He attended four and half years of rehabilitation following his conviction. He has remained gainfully employed from the time of his release to the present day.

22. When Plaintiff entered his plea, Tennessee had no sex offender registry law. Tennessee's first sex offender registry law came into effect after the date of his offense and conviction.

Plaintiff did not learn about that law until after he was released from prison in 1997 upon finishing his sentence. He has since registered as required.

### C. Reporting Obligations

23. The Act classifies offenders as "sexual offenders," "violent sexual offenders," and "violent juvenile sexual offenders." Tenn. Code Ann. § 40-39-202(9) (West 2022). If an offender's victim was 12 years old or less, the Act additionally classifies the offender as an "offender against children." Tenn. Code Ann. § 40-39-202(10) (West 2022). An offender's classification determines the length of time that a person must register and the frequency of reporting. *See id.* §§ 40-39-204, 40-39-207(g) (West 2022).

24. Offenders convicted of more than one sex offense, violent sexual offenders, and offenders against children must register and comply with all obligations imposed by the Act for life. With certain exceptions, all other offenders must register and comply for at least ten years. *See* Tenn. Code Ann. § 40-39-207(a), (c) & (g) (West 2022).

25. An offender's classification is based solely on the offense of conviction. Tenn. Code Ann. § 40-39-202(19), (20), (30) & (31) (West 2022).

26. An offender's classification is not based on, and does not correspond to, an individualized assessment of the offender's actual risk of re-offending or the danger the offender poses to the public.

27. The Act defines Plaintiff's sex offense as a "violent sexual offense" and defines Plaintiff as an "offender against children." Tenn. Code Ann. § 40-39-202(9), (10), & (31) (West 2022). Plaintiff is therefore required to register and report as a "violent sexual offender" for life, Tenn. Code Ann. § 40-39-207(g)(2)(B) (West 2022), and is labeled in the public sex offender registry as an "offender against children" and "violent against children," Tenn. Code Ann. § 40-39-206.

28. Even upon the clearest proof that Plaintiff is not dangerous, there is no mechanism under the Act that would allow Plaintiff to have his registration obligations eliminated or reduced.

29. As a "violent sexual offender," Plaintiff must report in person every March, June, September, and December, Tenn. Code Ann. § 40-39-204(b)(1) (West 2022), pay an annual fee of $150, and provide or update the following information:

    (a) Plaintiff's complete name and all aliases;

    (b) Plaintiff's date and place of birth;

    (c) Plaintiff's social security number;

    (d) A photocopy of Plaintiff's driver license;

    (e) Sexual offenses or violent sexual offenses for which Plaintiff has been convicted, the date of the offenses, and the county and state of each conviction;

    (f) Name of any of Plaintiff's current employers and length of employment, including physical addresses and phone numbers;

    (g) Plaintiff's current physical address and length of residence at that address, including any primary or secondary residences;

    (h) Plaintiff's mailing address, if different from Plaintiff's physical address;

    (i) Any vehicle, mobile home, trailer, or manufactured home used or owned by Plaintiff, including descriptions, vehicle information numbers, and license tag numbers;

    (j) Any vessel, live-aboard vessel, or houseboat used by Plaintiff, including the name of the vessel, description, and all identifying numbers;

    (k) Name and address of each institution of higher education in this state where Plaintiff is employed or practices a vocation or is a student;

    (l) Plaintiff's race and gender;

(m) Name, address, and phone number of Plaintiff's closest living relative;

(n) Whether victims in the underlying offenses were minors or adults, the number of victims, and the correct age of the victim or victims and of Plaintiff at the time of the offense or offenses, if the ages are known;

(o) Verification by the TBI or Plaintiff that the TBI has received Plaintiff's DNA sample;

(p) A complete listing of Plaintiff's electronic mail address information, including usernames, any social media accounts Plaintiff uses or intends to use, instant message accounts, other Internet communication platforms or devices, and Plaintiff's username, screen name, or other method by which Plaintiff accesses these accounts or websites;

(q) Whether any minors reside in Plaintiff's primary or secondary residences;

(r) Any other registration, verification, and tracking information, including fingerprints and a current photograph of Plaintiff, his vehicles, and his vessels, required by TBI rules;

(s) Copy of Plaintiff's passport; and

(t) Professional licensing information that authorizes Plaintiff to engage in an occupation or carry out a trade or business.

Tenn. Code Ann. § 40-39-203(i) (West 2022).

30. The Act requires Plaintiff to provide a "current" photograph, Tenn. Code Ann. § 40-39-203(i)(19) (West 2022), which means if Plaintiff's appearance changes, he must update the photograph within 48 hours. *Id.* § 40-39-203(a)(4).

31. In addition to reporting in person at regular intervals, Plaintiff must report in person within 48 hours if any of the information above changes. Tenn. Code Ann. § 40-39-203(a)(4) (West 2022). For example, Plaintiff must report in person within 48 hours if he changes his address, job, or e-mail address, opens a Facebook account, buys or begins using a vehicle, or stops using a vehicle.

32. There are no "good cause" exceptions to the reporting requirements or to the 48-hour notification requirements. Regardless of illness, injury, transportation problems, or other emergencies, Plaintiff must report in person within 48 hours or face criminal charges.

33. Until 2007, the Act made sex offender registrations confidential for offenses that occurred before July 1, 1997. *See* 2004 Tenn. Pub. Ch. 921, enacting Tenn. Code Ann. § 40-39-206(c) (West). In 2007, the legislature amended the Act to make all registrations public information. 2007 Tenn. Pub. Ch. 531 at § 1 (West). Plaintiff's registration status became public that year.

### D. Housing

34. The Act burdens Plaintiff's access to housing. The Act bars Plaintiff from "residing" within 1,000 feet of any "public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public," making a substantial amount of housing unavailable as a matter of law. Tenn. Code Ann. § 40-39-211(a)(1) (West 2022).

35. Each time Plaintiff relocates, he is forced to measure distances from his property line to ensure that he is in compliance with the Act.

### E. Employment

36. The Act burdens Plaintiff's ability to work. The Act bars Plaintiff from working within 1,000 feet of any "public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public," making a substantial number of employments unavailable as a matter of law. Tenn. Code Ann. § 40-39-211(a)(1) (West 2022).

37. Plaintiff had to miss work on the days he was required to report. When Plaintiff's sex offender registration became public information, his former employer refused to re-hire him because of the sex offender registry. The Act's geographical restrictions have prevented Plaintiff from working certain jobs.

### F. Family Relationships

38. The Act burdens Plaintiff's ability to maintain family relationships. Plaintiff cannot "[b]e upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present." Tenn. Code Ann. § 40-39-211(d)(1)(A) (West 2022).

39. Under the Act, Plaintiff could not attend his children's sporting or school events when they were minors and cannot attend his minor grandchildren's school or sporting events, nor can Plaintiff and his wife host their grandchildren overnight at their home.

### G. Educational Opportunities

40. The Act makes it more difficult for Plaintiff to get an education. Plaintiff's sex offender registration must include the name and address of each institution of higher education where Plaintiff is a student, Tenn. Code Ann. § 40-39-203(i)(12) (West 2022), and the TBI must provide Plaintiff's registration information to any school in which Plaintiff becomes a student, *id.* § 40-39-214(a)(2). This means Plaintiff is automatically stigmatized if he seeks an education. Further, Plaintiff may not reside in on-campus housing. Tenn. Code Ann. § 49-7-162(a) (West 2022).

### H. Travel

41. The Act burdens Plaintiff's ability to travel. Plaintiff must provide at least twenty-one days' advance notice before traveling out of the country. Tenn. Code Ann. § 40-39-204(h) (West 2022). The Act allows overseas travel on twenty-four hours' notice in just two cases: (a) registrants who travel out of the country frequently "for work or other legitimate purpose" and who have "the written approval of the designated law enforcement agency"; and (b) registrants who travel overseas for "emergency situations." *Id.* Since the law does not define what constitutes an "emergency," whether he can leave the country on less than twenty-one days' notice is subject to the arbitrary determination of law enforcement officials.

42. In addition, Plaintiff must plan his travel so that he is able to register in person quarterly, as required by the Act. Tenn. Code Ann. § 40-39-204(b) (West 2022).

43. The "International Megan's Law to Prevent Child Exploitation and Other Sexual Crimes Through Advanced Notification of Traveling Sex Offenders," Pub. Law No. 114–119, 130 Sta. 15 (West), generally authorizes the federal government to give "advance notice" to a foreign country when a registered sex offender is traveling to that country, *id.* § 4(e)(3), and makes it a federal crime for a registered sex offender to fail to report information on intended international

travel, *id.* § 6(a). The law also requires that passports issued to persons registered as sex offenders have a "unique identifier" indicating their status. *Id.* § 8.

44. Plaintiff cannot know whether a country receiving advance notice will prohibit Plaintiff's entry. Thus, the requirement under Tennessee law that Plaintiff register as a sex offender burdens his ability to travel anywhere else in the world and also exposes Plaintiff to extra scrutiny by United States immigration officials when he returns to the country.

## I. Speech

45. The Act burdens Plaintiff's ability to speak freely. Plaintiff not only must provide law enforcement with all electronic mail addresses, instant message addresses, log-in names, or other identifiers that are assigned to or routinely used by him, Tenn. Code Ann. § 40-39-203(i)(17) (West 2022), but must also report within three days whenever he establishes any electronic mail address, instant message address, or other designation used in Internet communications or postings, *id*. § 40-39-203(a)(7).

46. The Act expressly authorizes monitoring offenders' internet use:

> Registry information regarding all registered offender's electronic mail address information, any instant message, chat or other Internet communication name or identity information may be electronically transmitted by the TBI to a business or organization that offers electronic communication or remote computing services for the purpose of prescreening users or for comparison with information held by the requesting business or organization. **In order to obtain the information from the TBI, the requesting business or organization that offers electronic communication or remote computing services shall agree to notify the TBI forthwith when a comparison indicates that any such registered sex offender's electronic mail address information, any instant message, chat or other Internet communication name or identity information is being used on their system.** The requesting business or organization shall also agree that the information will not be further disseminated.

Tenn. Code Ann. § 40-39-203(m) (West 2022) (emphasis added).

47. Under the Act, Plaintiff cannot engage in anonymous political speech on the Internet because Plaintiff must report the e-mail address or other username he uses on any site such as

Change.org or Whitehouse.gov. The United States Supreme Court has held that anonymous political speech exemplifies the purpose of the First Amendment:

> Under our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and of dissent. Anonymity is a shield from the tyranny of the majority. *See generally* J. Mill, *On Liberty and Considerations on Representative Government* 1, 3–4 (R. McCallum ed. 1947). It thus exemplifies the purpose behind the Bill of Rights, and of the First Amendment in particular: to protect unpopular individuals from retaliation—and their ideas from suppression—at the hand of an intolerant society.

*McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 357 (1995). The anonymous online petitioner, blogger, and commenter is the modern version of the anonymous pamphleteer. The Act deprives Plaintiff of his constitutional right to engage in such protected speech.

### J. Access to Public Libraries

48. The Act burdens Plaintiff's access to public libraries. The Act authorizes public library boards and library administrators "to reasonably restrict the access of any person listed on the sexual offender registry," including "imposing a total ban of the offender's access to a public library," so long as the library "consider[s]" certain statutory factors. Tenn. Code Ann. § 40-39-216(a) & (c) (West 2022).

### K. Recreation

49. The Act burdens Plaintiff's ability to engage in recreation.

50. Plaintiff cannot go to public parks, recreation centers, or public athletic fields if he has reason to believe children under eighteen (18) years of age are present." Tenn. Code Ann. § 40-39-211(d)(1)(A) (West 2022). Plaintiff cannot attend his grandchildren's sporting events, because such activities typically occur in parks or at school where children are present. *See id.*

51. Plaintiff is an avid golfer, but the Act limits his ability to play golf at any state park golf course.

### L. False Information & Stigmatization

52. The sex offender registry stigmatizes Plaintiff and exposes Plaintiff to public hostility by publicly and falsely labeling him as "violent" based solely on the statutory classification of his offense as a "violent sex offense."

53. The sex offender registry also stigmatizes Plaintiff and exposes Plaintiff to public hostility by publicly and falsely labeling him as an "offender against children" and as "violent against children," which falsely implies he has committed sex offenses against multiple children.

54. The public registry website not only generates hostility toward Plaintiff, it enables anyone hostile toward Plaintiff because of his registry status to find him by posting extensive personal information about Plaintiff, including his residential address, employer address, date of birth, school information, vehicle information, physical description, and photograph. Tenn. Code Ann. § 40-39-206(d) (West 2022). As a result, Plaintiff is exposed to a substantial risk of ostracism, harassment, and violence.

55. Plaintiff has been harassed by coworkers who learned of his registry status.

56. Law enforcement officers have harassed Plaintiff based on his registry status.

### M. The Act Compared to Probation and Parole

57. The Act's reporting, surveillance, and supervision requirements are similar to, but more restrictive and onerous than, the typical reporting, surveillance, and supervision requirements for offenders on probation or parole.

58. Offenders on probation or parole report to their supervising officers periodically for a fixed term. Under the Act, Plaintiff must report quarterly, and every time he leaves or returns to the country, and on numerous other occasions, for the rest of his life. Offenders on probation or parole typically report briefly at scheduled times and can report some matters by telephone. As

they progress through probation or parole, their supervising officers typically require increasingly less reporting. Under the Act, Plaintiff must report in person. He must travel over an hour round trip and spend time waiting in line at his local law enforcement agency's sex offender registry office for various reasons beyond his control.

59. The usual maximum sanction for an offender who violates probation or parole is serving his sentence. Under the Act, Plaintiff faces arrest and prosecution on a felony charge for each alleged violation of the law.

60. The fundamental difference between the reporting, surveillance, and supervision requirements of probation and parole and those of the Act is that probation and parole are based on the premise that convicted persons like Plaintiff can be rehabilitated and prepared to be productive members of society once they have served their sentence, while the premise of the Act is that Plaintiff is and will always be a menace to society, regardless how many years Plaintiff lives peaceably, productively, and without criminal conduct.

61. Under the Act, Plaintiff must report significantly more information than what an offender typically must report while serving his sentence on probation or parole.

62. The Act's requirement that Plaintiff report minor changes in person within 48 hours is a level of reporting that far exceeds what an offender typically experiences while serving his sentence on probation or parole.

63. As a result of the Act's immediate reporting requirements, coupled with the quarterly reporting requirements, Plaintiff must, for the rest of his life, report in person to law enforcement with a frequency that is greater than that typically required of an offender serving his sentence on probation or parole.

64. For Plaintiff, the lifetime surveillance imposed by these reporting requirements is not only intrusive, but also burdensome. Plaintiff must report in person. Plaintiff cannot even pay his annual registration fee without appearing in person because the law arbitrarily commands it.

### N. *Vagueness, Strict Liability, and Impossibility of Compliance*

65. The restrictions and obligations of the Act are so vague that Plaintiff is unable to know whether or not he is in violation of the law and are so extensive and pervasive that Plaintiff is literally unable to comply with the law.

66. The Act's requirements for reporting personal information are so vague that Plaintiff does not understand what information must be reported or what changes in information subject him to the in-person, 48-hours reporting requirement.

67. For example, the Act requires Plaintiff to report a "material change in employment or vocation status" within 48-hours and defines a "material change in employment or vocation status" to include "substantially changing the offender's hours of work at the same employment or vocation" or "any other change in the offender's employment or vocation that differs from that which the offender originally registered" if the change remains in effect for five consecutive days or more. Tenn. Code Ann. § 40-39-203(a)(6) (West 2022). If Plaintiff takes a vacation of more than five days and does no work, he does not know whether he must report that period.

68. The Act also requires Plaintiff to report any change to any information on his registration within 48-hours. Tenn. Code Ann. § 40-39-203(a)(4) (West 2022). The information on his registration includes "any vehicle used or owned by an offender" and a "current photograph" of that vehicle. *Id*. § 40-39-203(i)(10) & (19). If Plaintiff borrows a car even once, Plaintiff does not know whether he must report that use. If Plaintiff's car breaks down so that he cannot use it, Plaintiff does not know if he has to report that he is no longer using the car. If Plaintiff gets in a wreck

and the car sustains visible damage, Plaintiff does not know whether he must report and provide an updated photograph of the car. If Plaintiff has to use a rental car while his car is in the shop, Plaintiff does not know whether he must report that and then report again when he returns the rental car to the rental company.

69. The Act prohibits Plaintiff from residing or working within 1,000 feet from the property line of any public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public, and prohibits Plaintiff from standing, sitting "idly," or remaining within that same distance of those locations if Plaintiff "has reason to believe" minors are present and does not have a "reason or relationship involving custody of or responsibility for" a minor or "any other specific or legitimate reason for being there." Tenn. Code Ann. § 40-39-211(a) & (d) (West 2022). Plaintiff often cannot know if he is standing or sitting "idly" within 1,000 feet of one of these prohibited areas because the property boundaries are unknown and the distances are impossible to measure without sophisticated equipment.

70. Plaintiff also cannot know whether a law enforcement officer will deem him to have a "legitimate reason for being there" and is therefore subject to arbitrary arrest.

71. Plaintiff must obtain and maintain a valid driver's license or photo identification that has a code identifying him as a sex offender and must "always have the license or identification card" in his possession. Tenn. Code Ann. § 40-39-213(a) & § 55-50-353(a) (West 2022). The law does not define "possession." Thus, it is unclear whether Plaintiff is in violation of the law in situations where he cannot have his identification on his person, for example, while swimming, sleeping, or exercising.

72. Plaintiff is concerned that he will inadvertently violate the Act's requirements because he does not understand what they are.

73. The Act imposes criminal liability despite the impossibility of compliance. The Act imposes liability regardless of whether illness, injury, or practical difficulties make compliance impossible.

74. Plaintiff fears that, despite his best efforts to understand and comply with the law, and despite the absence of any intention to violate the law, he will be held criminally liable for any failure to comply. He knows that he can be punished with prison even if he does not know a particular act or omission is illegal, because the Act imposes criminal liability solely on the basis that the defendant "knowingly" commits various innocent acts.

75. Any violation of the Act's requirements is a Class E felony, Tenn. Code Ann. § 40-39-208(b) (West 2022), which carries a minimum sentence of one year and a maximum sentence of six years, *id.* § 40-35-111(a)(5). People convicted of violating the Act's requirements, however, are subject to mandatory minimum sentences and fines of ninety days and $350 for the first offense, 180 days and $600 for the second offense, and one year and $1,100 for the third or subsequent offense. *Id.* § 40-39-208(b)–(e).

### O. Consequences beyond the Act

76. Because Plaintiff must register as a sex offender under the Act, he is also subject to a vast and labyrinthine array of laws and ordinances imposed on registered sex offenders by the federal government, other state or tribal governments, and municipalities.

77. Because registration in one state generally triggers registration in another state, the fact that Plaintiff is subject to the Act means he is also subject to the sex offender registration laws of other jurisdictions if he travels or moves.

### *P. Irreparable Harm*

78. Plaintiff has and continues to suffer irreparable harm from the Act's enforcement against him and has no other adequate legal remedy for that harm.

### CLAIM FOR RELIEF

79. Plaintiff incorporates the preceding paragraphs by reference.

80. The Act applies to criminal offenses that occurred before the Act's effective date.

81. Individually and in combination, the Act's provisions are punitive in effect on their face.

82. The Act therefore violates the Ex Post Facto Clause and is unconstitutional as applied to Plaintiff.

83. Plaintiff is therefore entitled to a judgment: (a) declaring that (i) the Act violates the Ex Post Facto Clause as applied to Plaintiff and (ii) Plaintiff has no obligation to comply with the Act; (b) preliminarily and permanently enjoining Defendants, their officers, agents, employees, servants, and attorneys, and all persons in active concert or participation with them (i) from enforcing the Act against Plaintiff, including the continued publication of Plaintiff's information on the sex offender registry, and (ii) to remove Plaintiff's information from the sex offender registry; and (c) awarding Plaintiff's reasonable attorney fees.

### REQUEST FOR RELIEF

For these reasons, Plaintiff requests the Court to grant judgment against Defendants:

1. Declaring that (a) the Act violates the Ex Post Facto Clause as applied to Plaintiff and (b) Plaintiff has no obligation to comply with the Act;

2. Preliminarily and permanently enjoining Defendants, their officers, agents, employees, servants, and attorneys, and all persons in active concert or participation with them (a) from enforcing the Act against Plaintiff, including the continued publication of Plaintiff's information on the sex offender registry, and (b) to remove Plaintiff's information from the sex offender registry;

3. Awarding Plaintiff's costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b) following entry of judgment and upon Plaintiffs' motion pursuant to Fed. R. Civ. P. 54(d)(2); and

4. Granting any other necessary or proper relief.

Dated: December 29, 2022.

Respectfully submitted:

/s/ W. Justin Adams
Edward M. Yarbrough (TN BPR # 004097)
Jonathan P. Farmer (TN BPR # 020749)
W. Justin Adams (TN BPR # 022433)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
wjadams@spencerfane.com

Plaintiff's Counsel